Mok v. Sessions

BIA
Gordon-Uruakpa, IJ
A201 110 851

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25ᵗʰ day of January, two thousand eighteen.

PRESENT:
> RALPH K. WINTER,
> ROSEMARY S. POOLER,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

AH MOY MOK, AKA MAK AH MOY, AKA MOY MOK,
> *Petitioner,*

v.

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

16-1072
NAC

| | |
|---|---|
| **FOR PETITIONER:** | Scott E. Bratton, Margaret Wong & Associates LLC, Cleveland, OH. |
| **FOR RESPONDENT:** | Chad A. Readler, Acting Assistant Attorney General, Jennifer P. Levings, Senior Litigation Counsel, Kristen Moresi, Trial Attorney,  Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Ah Moy Mok, a native and citizen of Malaysia, seeks review of a March 23, 2016, decision of the BIA affirming a December 18, 2014, decision of an Immigration Judge ("IJ") denying Mok's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ah Moy Mok,* No. A201 110 851 (B.I.A. Mar. 23, 2016), *aff'g* No. A201 110 851 (Immig. Ct. N.Y. City Dec. 18, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"[W]e review the judgment of the IJ as modified by the BIA's decision—that is, minus [any] argument[s] for denying relief that w[ere] rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Accordingly, we reach only the agency's denial of Mok's asylum claim as time barred and its conclusion that she failed to establish that she was a member of a legally cognizable particular social group. *Id.* Mok has waived any challenge to the denial of CAT relief by not sufficiently arguing that claim in her brief. *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not

2

sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

We dismiss the petition for lack of jurisdiction to the extent Mok challenges the agency's denial of asylum. Our jurisdiction to review the denial of asylum as untimely or the agency's findings regarding changed or extraordinary circumstances is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D), *see* 8 U.S.C. § 1158(a)(3). Mok argues that more weight should have been given to the obstacle posed by her illiteracy. Because Mok's challenge is to the weight of the evidence, she is challenging a discretionary determination and does not raise a constitutional claim or question of law reviewable by this Court. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006) (holding that "we remain deprived of jurisdiction to review decisions under the INA when the petition for review essentially disputes the correctness of an IJ's fact-finding or the wisdom of his exercise of discretion and raises neither a constitutional claim nor a question of law.").

We deny the petition as to Mok's challenge to the denial of withholding of removal. To be eligible for withholding of removal, Mok was required to "establish[] that it is more likely than not that [her] life or freedom would be threatened" in

3

Malaysia because of her "race, religion, nationality, membership in a particular social group, or political opinion." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) (internal quotation marks omitted); *see* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A). To be legally cognizable, a particular social group must be "composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Paloka v. Holder*, 762 F.3d 191, 196 (2d Cir. 2014) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). We review factual findings under the substantial evidence standard and questions of law—including the question of whether a group constitutes a particular social group—de novo. *Id.* at 195.

Mok attacks the agency's determination that she failed to establish that she was a member of a legally cognizable particular social group. But the agency reasonably determined that Mok's proposed particular social group—"elderly, sick ethnic Chinese women from Malaysia" or "sick elderly ethnic Chinese women without employment to access needed health care in Malaysia"—was not socially distinct. *Id.* at 196 ("[W]hat matters is whether society as a whole [perceives] a group as socially distinct."). Mok testified that healthcare was

4

available to ethnic Chinese women in Malaysia, but contended that she would be unable to afford it because, as an older woman, she would be unemployable.  But the evidence submitted by Mok shows that the affordability of healthcare and unemployment are widespread issues in Malaysia, not that older women are treated or viewed with distinction in this area.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk